UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE SOUTHWEST CIRCLE GROUP, INC., | )<br>)<br>) |
| Plaintiff(s), | )<br>) Case No. 2:10-cv-0481-RLH-PAL[1] |
| vs. | )<br>) **O R D E R** |
| PERINI BUILDING COMPANY, an Arizona Corporation and MGM MIRAGE, a Delaware Corporation, | ) (Motion to Abstain and Stay–#11)<br>)<br>)<br>) |
| Defendant(s). | )<br>) |

Before the Court is Defendant Perini Building Company Inc.'s **Motion for Court to Abstain and Stay Proceedings** (#11, filed May 26, 2010). Plaintiff filed its Response in Opposition (#15) on June 7, 2010. Defendant Perini did not file a Reply in this action, but did file one in the companion case identified in the footnote below. The Court presumes that the failure to also file the Reply here was the product of inadvertence. Accordingly, it will consider the Reply filed in 2:10-cv-0480-RCJ-RJJ as docket #17, filed June 11, 2010, in the Court's consideration of the motion here.

A mammoth construction project was undertaken in Las Vegas, Nevada, general referred to as Project CityCenter, or CityCenter. The project is owned by a number of entities, but it

---

[1] There is also a case involving these same parties before Judge Jones: 2:10-cv-0480-RCJ-RJJ, together with an identical motion.

appears to have been managed by MGM Mirage Design Group, a Nevada corporation. Defendant Perini Building Company was the General Contractor and Plaintiff The Southwest Circle Group was one of Perini's subcontractors. The construction project was a multi-billion-dollar project, the costs of which apparently escalated during construction, and the value of which has apparently been adversely impacted by the current recession. Defendant Perini has filed suit and liens in State Court to enforce payment under the construction contract. Plaintiff Southwest Circle has filed two lawsuits in federal court asserting claims against Defendant Perini and MGM Mirage, a Delaware corporation for breach of contract arising out of construction on the CityCenter project. Defendant Perini asks the Court to abstain and stay the proceedings under the "Colorado River" doctrine. The Court finds the motion has merit and will grant the motion.

In the interest of "wise judicial administration," federal courts may stay a case involving a question of federal law where a concurrent state action is pending in which the identical issues are raised. *Colorado River Water Conservation Dist. V. United States*, 424 U.S. 800, 815 (1976). Since federal courts have a "virtually unflagging obligation" to exercise the jurisdiction conferred upon them, the Colorado River abstention is appropriate only under "exceptional circumstances." *Id.* at 813. To date this doctrine has been invoked by the Supreme Court primarily in water rights adjudication. The usual procedure is to stay, rather than dismiss the action, so there remains a federal forum open if, for some unexpected reason, the state forum proves to be inadequate.

While abstention under *Colorado River* limits abstention to "exceptional circumstances," the Court notes that such a limitation only relates to cases which involve questions of federal law. Here, the issues are brought to this Court only on diversity jurisdiction.[2] No federal

---

[2] There may even be a question as to whether diversity jurisdiction lies. While MGM Mirage may be a Delaware corporation, it is likely that its principle place of business and corporate offices are in Nevada. But there is insufficient information before the Court to address that issue, and it is not raised in the motion here.

questions are involved.  Here, the holding in *Younger v. Harris* may also give the Court guidance.  There it was held that, absent extraordinary circumstances, federal courts may not enjoin or otherwise interfere with pending state criminal prosecutions (and many other types of state proceedings)  on constitutional grounds.  The federal court must abstain and allow the state court to adjudicate state claims.  *Younger v. Harris,* 401 U.S. 37, 49-53 (1971).  The purpose is to avoid unnecessary state-federal conflict, call it comity, federalism, or some other term.

Perini commenced its action, before the Eight Judicial District Court of Nevada on March 24, 2010.   Southwest commenced this action on April 7, 2010.  Accordingly, the state court action precedes this one.

The *Colorado River* doctrine requires a federal court to abstain in favor of concurrent state court proceedings where necessary to promote "wise judicial administration, conservation of judicial resources, and comprehensive disposition of litigation." *Nakash v. Marciano*, 882 f.2d 1411, 1415 (9th cir. 1989) (citing *Colorado River*).  The doctrine is designed to avoid piecemeal litigation and to prevent inconsistent results. *Colorado River*, 424 U.S. at 817 ("the general principle is to avoid duplicative litigation").

In *Colorado River*, the Supreme Court described four factors to be considered in determining whether abstention is appropriate: (1) whether either the state or federal court has exercised jurisdiction over a *res*; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the forums obtained jurisdiction. *40235 Washington St. Corp. v. Lusardi*, 976 F.2d 587, 588 (9th Cir. 1992).  In *Moses H. Cone Memorial Hosp. v. Marcury Constr. Corp.*, 460 U.S. 1, 23-25 (1983), the Supreme Court added two more considerations: (5) whether federal or state law controls the decision on the merits; and (6) whether the state court can adequately protect the rights of the parties. *Lusardi*, 976 F.2d at 588.  "These factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a mechanical checklist." *Id*.

////

### 1. SIMILARITY OF THE CASES

Plaintiff's arguments, that the cases are separate and independent construction contracts, are unpersuasive. Its claim, that its lawsuit only deals with its contract with Perini on Garage 6 located at the site, while Perini's lawsuit is asserted against 18 separate entities and individuals, including MGM Mirage Design Group, and arises from a contract that was initiated earlier than the contract between Southwest and Perini, begs the question. One would expect the general contract to predate the subcontract arising from the general contract for the entire project.

Furthermore, if this is a distinct and independent action against Perini, why has Southwest also sued MGM Mirage? Southwest's contract is an integral and interwoven part of the whole. This lawsuit is precisely the piecemeal litigation the *Colorado River* doctrine seeks to avoid. Southwest's claims arise from work it performed on portions of the CityCenter project as a subcontractor to Perini. The proceedings are substantially similar and arise from the same underlying dispute. This action is but a "spit-off" from the more comprehensive state litigation.

### 2. JURISDICTION OVER THE RES

Not only has a suit been filed over the construction of the CityCenter project, but there have been liens filed against the property, in connection therewith, in the state court. So, too, Southwest has filed its Mechanic's Lien against the project in the Recorder's office. The property involved in both liens is that underlying the CityCenter project. Jurisdiction over the *Res* was first asserted in the state court.

### 3. CONVENIENCE OF THE FORUM

Neither forum is more convenient than the other. This is not a factor to be considered.

### 4. AVOIDING PIECEMEAL LITIGATION

As noted above, this action, arising out of one of the subcontracts under a general contract to develop a piece of real estate, is precisely the piecemeal litigation the doctrine seeks to avoid. Differences in the pace of the proceedings and potential contradictory results are just two of

the examples of mischief which can result from piecemeal litigation. Plaintiff's claim that discovery in this case could begin within 30 days of the Defendants' answers, in order to catch up with the state case, demonstrates a lack of familiarity with the rules and practices of the federal court. Moreover, duplicative discovery efforts are certainly to occur.

**5. ORDER OF OBTAINING JURISDICTION**

As noted above, there is no question that the complaint was first filed in the state court, and the state court has jurisdiction over more of the relevant parties.

**6. STATE LAW CONTROLS THE DECISION ON THE MERITS**

All the issues presented in both the state court action and this action are based upon state law. The matter is here only on diversity of jurisdiction (and that, as noted in footnote 2, may be subject to question). In this Court's view, this is an important factor in its determination. These issues are more frequently and more competently addressed by the state court, which has, over the past ten years, engaged in an enormous amount of construction litigation.

**7. CAN THE STATE COURT ADEQUATELY PROTECT THE PARTIES?**

As stated above, the state court is eminently qualified to address the issues raised in these cases. If, perchance, there remains some issue unresolved, or some right of Plaintiff yet determined by the action in the state court, or among the parties herein, this case will remain a viable vehicle to resolve any unresolved issues.

The motion here is not to abstain by dismissing this case, which is a common practice when the federal court exercises one of the abstention doctrines. Rather, the motion is a request for a stay, to avoid duplicate and piecemeal litigation, to see if the earlier filed state court lawsuit can resolve some or all of the issues presented here. If Southwest's claims are not conclu-sively addressed and resolved, this case remains available to obtain closure on its claims.

IT IS THEREFORE ORDERED that Defendant Perini Building Company Inc.'s **Motion for Court to Abstain and Stay Proceedings** (#11) is GRANTED, and the matter is stayed pending further order of the Court.

IT IS FURTHER ORDERED that every six months from the date of this order, the parties file with this Court a brief status report of the progress of the state court action.

Dated: June 29, 2010.

_____
Roger L. Hunt
Chief United States District Judge