# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE SOUTHWEST CIRCLE GROUP, INC., a Nevada Corporation,<br><br>                    Plaintiff,<br><br>        vs.<br><br>PERINI BUILDING COMPANY, an Arizona Corporation and MGM MIRAGE, a Delaware Corporation,<br><br>                    Defendants. | Case No.: 2:10-cv-00481-RLH-PAL<br><br>**O R D E R**<br><br>(Motion for Reconsideration–#20) |

Before the Court is Plaintiff The Southwest Circle Group, Inc.'s ("SW Circle") **Motion for Reconsideration** (#20), filed July 9, 2010. The Court has also considered Defendant Perini Building Company's ("Perini") Opposition (#22), filed July 26, 2010. SW Circle did not file a reply.

## BACKGROUND

This cases arises out of the construction project in Las Vegas, Nevada, generally referred to as Project CityCenter, or CityCenter. The project seems to have been principally managed by MGM Mirage Design Group, though it is owned by numerous entities. After delays,

1

AO 72
(Rev. 8/82)

cost overruns, and other problems, Perini filed suit and liens in Nevada State Court to enforce payment under the construction contract. SW Circle, a subcontractor under Perini, has since filed two lawsuits in federal court against Perini and MGM Mirage for breach of contract.

On May 26, 2010, Perini brought a motion (#11) requesting this Court to abstain and stay these proceedings until termination of the state court proceedings under the *Colorado River* doctrine. After consideration, the Court granted the motion and stayed the case. (#19, Order, June 29, 2010.) The Court further ordered that the parties would file a brief status report every six months to keep the Court informed of the state court proceedings. (*Id*.) Therefore, the Court retained jurisdiction over the case and may lift the stay if the state court proceedings do not resolve the matter. For the reasons discussed below, the Court denies SW Circle's Motion for Reconsideration (#20) of that Order (#19).

**DISCUSSION**

**I.      Legal Standard**

Although they are not explicitly mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) (Motion to Alter or Amend a Judgment) and 60(b) (Grounds for Relief from a Final Judgment). These two rules generally apply to a final judgment. Likewise, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (internal citation omitted); *see also* Fed. R. Civ. Pro. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment"). Thus, all district court rulings are subject to revision at any time before the entry of judgment so long as the court retains jurisdiction over a case. *United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (emphasis omitted).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature"

AO 72
(Rev. 8/82)

in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration may be appropriate if a district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d 805, 807–08 (9th Cir. 2004). The Seventh Circuit has said that "[t]o be clearly erroneous, a decision must strike [the court] as more than just maybe or probably wrong; it must, strike [the court] as wrong with the force of a five-week-old unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Therefore, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). Motions for reconsideration are not the proper vehicles for rehashing old arguments, *see Merozoite v. Thorp*, 52 F.3d 252, 255 (9th Cir. 1995), and are "not intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

## II. Reconsideration

The Court finds that SW Circle has not met its burden. SW Circle simply claims that the Court committed clear error and attempts to reargue the issues presented previously by the parties, which the Court addressed when it granted Perini's Motion to Abstain and Stay (Dkt. #11). (Dkt. #19, Order.) SW Circle merely rehashes old arguments, which is not proper in a motion for reconsideration. Accordingly, the Court denies SW Circle's motion.

/

/

/

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that SW Circle's Motion for Reconsideration (#20) is DENIED.

Dated: November 5, 2010.

_____
ROGER L. HUNT
Chief United States District Judge

AO 72
(Rev. 8/82)